**JAMES R. FROCCARO, JR.**
Attorney at Law
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5066
email: JRFESQ61@aol.com

September 26, 2022

BY ECF
Hon. Margo K. Brodie
Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  United States v. Anthony Pandrella
19 Cr 122 (MKB)

Dear Chief Judge Brodie:

    This letter is submitted on behalf of defendant Anthony Pandrella in anticipation of his sentencing before Your Honor at 2:00 p.m. on October 5, 2022.

    As Your Honor is no doubt well aware, Mr. Pandrella was found guilty by the jury of the murder of Vincent Zito. The crimes he was convicted of are very serious and I would never suggest otherwise - crimes though that Mr. Pandrella continues to maintain his innocence of.

I have reviewed the Presentence Investigation Report ("PSR") and Addendums to the PSR prepared by the Probation Department. Mr. Pandrella objects to the PSR's characterization of him as an "associate of the Gambino Family" (see PSR at paragraph 2) as well as the "[u]ncharged [c]riminal [c]onduct" ascribed to him (id. at paragraphs 9-13). Mr. Pandrella also objects to the obstruction of justice enhancement contained in the Second Addendum to the PSR - as the statements purportedly made by him to the FBI were not "material" to the investigation. See §3C1.1 Application Note 4(G) (obstruction enhancement appropriately founded on a "materially false statement to law enforcement . . . that significantly obstructed or impeded the official investigation or prosecution of the instant offense.") (emphasis supplied); United States v. Pena, 751 F.3d 101, 107 (2d Cir. 2014) (obstruction enhancement "only applies to material statements").

In the Addendum to the PSR, a Declaration of Victim Loss from the victim's daughter reported a purported total loss of $2,085,000 based upon the list of monetary expenses alleged therein. Under the Mandatory Victims Restitution Act ("MVRA"), however, restitution is "authorized . . . only for the loss caused by the specific conduct that is the basis of the offense of conviction." United States v. Vilar, 729 F.3d 62, 97 (2d Cir. 2013) (internal quotations and alternations omitted). In this case, appropriate restitution would include "an amount equal to the cost of necessary funeral and related services" and "lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §§ 3663A(b)(3)-(4). The "financial effects" listed in the Addendum are unrelated to funeral expenses and have nothing to do with the murder investigation or attendance at Mr. Pandrella's trial. As such, they are categorically non-compensable under the MVRA.

Based upon a total offense level of 43 and a Criminal History Category of I, the Guidelines imprisonment term is, indeed, life as set forth in the PSR. See PSR at paragraph 68. In addition, Count 2 has a mandatory minimum term of imprisonment that will run consecutively to any other term of imprisonment Your Honor imposes for the other counts of conviction. Id.

As Your Honor is no doubt well aware, the Sentencing Guidelines are advisory and the Court has the power to impose a below or non-Guidelines sentence here. The Probation Department has identified Mr. Pandrella's "myriad" serious health issues, including chronic heart disease, diabetes and a debilitating gangrene condition as a mitigating factor for the Court to consider in imposing sentence. See PSR at paragraphs 55 and 82. Indeed, Mr. Pandrella has been hospitalized for over 8 months now in a secure medical unit receiving treatment. Simply put, Mr. Pandrella, age 63, has myriad serious health issues which make it highly unlikely that he will survive any sentence far beyond the 10 year mandatory minimum that the Court must impose here. I am respectfully asking Your Honor to impose a sentence that will not be the functional equivalent of a death sentence for Mr. Pandrella.

Finally, included herewith for Your Honor's review, is a letter from Mr. Pandrella's sister, Carol, pleading for leniency for her brother. The letter demonstrates that Mr. Pandrella, who has no prior criminal record, possesses a number of redeeming qualities.

Respectfully submitted,

/JRF/

James R. Froccaro, Jr.

JRF:pa
Encl.

September 23, 2022

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge Brodie,

I am Anthony Pandrella's only living sibling. Our brother, Gary passed in the year 2012 at the age of 57 from lung cancer, and I am unfortunately fighting the same disease now. With Anthony gone, I am the sole and only caretaker for our mother, age 94. His arrest has, of course, been a tremendous toll on me and our mother as well.

To say that I was shocked and upset by Anthony's arrest would be a gross understatement. My heart goes out to the Zito family for their loss - but I simply cannot accept the finding that my brother may have murdered his best friend - whom he cared for very much. The Anthony I have always known was a kind and gentle man - always willing to help - and well liked by all. He has also never been in any kind of trouble with the law before.

Anthony has always been a loving and caring son to my parents, and sibling to my brother Gary and I as well. He has forsaken a lot helping to care for us all and is sorely missed by my mother and I.

I know that Anthony is facing a significant amount of jail time. He is not in good health at all. The grim reality is that he will never survive a lengthy prison term.

I am asking Your Honor to please sentence him to a prison term which will at least provide us with hope that he may someday return home.


Very Sincerely,

*Carol Pandrella*

Carol Pandrella